IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

U.S. BANK NATIONAL ASSOCIATION,

      Plaintiff,                             No. CIV S-12-1289 MCE EFB PS

      vs.

ROTONDA LLOPIS; GERALD LLOPIS,

      Defendants.                       FINDINGS AND RECOMMENDATIONS
_____/

On May 14, 2012, defendant Rotonda Llopis, proceeding pro se, filed a notice of removal of this unlawful detainer action from the Superior Court of the State of California for Solano County.[1] Dckt. No. 1. This case is before the undersigned in accordance with 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21).

This court has an independent duty to ascertain its jurisdiction and may remand sua sponte for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190,

---

[1] Also on May 14, 2012, defendant Rotonda Llopis filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Dckt. No. 3. However, in light of the recommendation herein that this action be remanded for lack of subject matter jurisdiction, defendant's request to proceed *in forma pauperis* will not be addressed.

1

1195 (9th Cir. 1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). As explained below, defendants have failed to meet that burden.

The notice of removal states that this court has jurisdiction pursuant to 28 U.S.C. § 1443 since "the rules of evidence and civil procedure are applied [in the state court unlawful detainer action] without equal protection," thereby denying defendants due process of the law. Dckt. No. 1 at 2. However, nothing in the record supports removal on that ground.

Section 1443's applicability is limited to "the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that the petitioner's federal rights will inevitably be denied if the case is not removed." *Greenwood v. Peacock*, 384 U.S. 808, 828 (1966) (internal quotations omitted). A case may only be removed under § 1443(1) if defendants can satisfy two criteria.[2] "First, [defendants] must assert, as a defense to the [action], rights that are given to [them] by explicit statutory enactment protecting equal racial civil rights." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006) (quoting *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970)). "Second, [defendants] must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id.* In general, there must be a state law or constitutional provision that denies defendants an opportunity to raise a federal right in their state proceeding. *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 803 (1966)).

////

---

[2] Section 1443 provides that "[a]ny of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending: (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof; (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443.

     Here, defendants have not met their burden of proof on the first prong since nothing in the notice of removal indicates a denial of racial equality. Defendants have also not met their burden on the second prong since they "point to no formal expression of state law that prohibits them from enforcing their civil rights in state court nor do they point to anything that suggests that the state court would not enforce their civil rights in the state court proceedings." *Patel*, 446 F.3d at 999. To the extent defendants seek the enforcement of constitutional provisions of general applicability, that is not a sufficient basis to remove their state unlawful detainer action to federal court under § 1443(1). *Rachel*, 384 U.S. at 792 ("[D]efendants' broad contentions under the First Amendment and the Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under § 1443, because the guarantees of those clauses are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that § 1443 demands."); *Oregon v. Hadsell*, 2008 WL 4534111, at *2 (D. Or. Oct. 3, 2008) (denying petition where the defendant asserted general due process and human rights violations); *U.S. Bank Nat. Ass'n v. Garcia*, 2012 WL 1232115, at *2 (N.D. Cal. Apr. 12, 2012) (declining to find subject matter jurisdiction under § 1443 in an unlawful detainer action where the removing defendant alleged "discrimination" in state court).

     Further, § 1443(2) is inapplicable to this case. The provision "applies only to federal officers or agents performing their duties under federal civil rights laws, as well as to persons authorized to assist them in affirmatively executing those duties and, if the defendant is sued for refusing to act, only to state officers and those authorized to act under them." *Greenwood*, 384 U.S. at 824 n.22. There is nothing in defendant's notice of removal indicating that defendant is a federal or state officer or person authorized to act under such an officer.

////
////
////
////

Nor does this court have federal question jurisdiction.[3]  A review of the complaint reveals that plaintiff does not allege any federal claims; instead, plaintiff alleges only unlawful detainer under state law.  Dckt. No. 1 at 8-10 (Compl.).  Additionally, the presence or absence of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  This is the case where the complaint "establishes either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).  Here, plaintiff's one cause of action is for unlawful detainer under state law, and under the well-pleaded complaint rule, a defendant's claims or defenses may not serve as a basis for removal.  *See Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985).

Therefore, because defendants have not adequately established a basis for this court's subject matter jurisdiction, the case must be remanded.[4]  *See* 28 U.S.C. § 1447(c).

---

[3] Nor have defendants established that this court has diversity jurisdiction, since they have not alleged diversity of the parties or that the amount in controversy exceeds $75,000, nor does it appear that removal by defendants would be proper under 28 U.S.C. § 1441(b), which permits removal in diversity cases only when "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *See also Fed. Home Loan Mortg. Corp. v. Cantillano*, 2012 WL 1193613, at *2 (C.D. Cal. Apr. 9, 2012) ("The appropriate dollar amount in determining the amount of controversy in unlawful detainer actions is the rental value of the property, not the value of the property as a whole.").

[4] Nor was the notice of removal timely.  Section 1446(b) requires a notice of removal to be "filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."  28 U.S.C. § 1446(b).  Here, the notice of removal states that defendant was served with the summons and complaint in "mid-2011," yet the notice of removal was not filed until May 2012.  Dckt. No. 1 at 2.

4

Accordingly, IT IS HEREBY RECOMMENDED that the above-captioned case be REMANDED to the Superior Court of the State of California in and for the County of Solano.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: May 16, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE